IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLIE J. LADD and GARY D. PRICE, | § § § | |
| Plaintiffs, | § | |
| v. | § § | 3:13-CV-1817-P |
| COLONIAL SAVINGS, F.A., | § § | |
| Defendant. | § § § § | |
| | § § | |
| FEDERAL HOME LOAN MORTGAGE CORP. | § § § | |
| Intervenor-Plaintiff, | § § | |
| v. | § § | |
| BILLIE J. LADD and GARY D. PRICE | § § | |
| Intervenor-Defendant. | § | |

## ORDER

Now before the Court is Intervenor-Plaintiff Federal Home Loan Mortgage Corp.'s Motion for Summary Judgment, filed on January 27, 2014. Doc. 20. Also before the Court is Defendant Colonial Savings, F.A.'s Motion for Summary Judgment, filed on January 27, 2014. Doc. 23. Intervenor-Defendants and Plaintiffs Billie Ladd and Gary Price failed to file a Response to both motions even after being directed to respond by February 17, 2014. *See* Doc. 27. After reviewing the parties' briefing, the evidence, and the applicable law, the Court GRANTS Defendant Federal Home Loan Mortgage Corp.'s Motion for Summary Judgment and GRANTS Defendant Colonial Savings, F.A.'s Motion for Summary Judgment.

## I. Background

This is a suit over a mortgage foreclosure. Plaintiffs Billie Ladd and Gary Price filed a suit against Defendant Colonial Savings, F.A., ("Colonial") in Texas state court. The premise of the suit was that Colonial was wrongly foreclosing on Ladd and Price's home and it deceived them about whether they could receive a loan modification *See* Doc. 1-1 at 7-14. Shortly after the suit was filed, Federal Home Loan Mortgage Corp. ("Freddie Mac") intervened in the suit, seeking an order that they may of foreclose. *See* Doc. 1-1 at 33-36. The case was then removed to this Court.

On September 10, 2013, Ladd and Price's attorney withdrew as counsel. *See* Doc. 15. At that time, the Court instructed Ladd and Price to obtain new counsel or to give the Court notice that they intended to proceed pro se within 30 days. *See* Doc. 15. On October 24, after denying a motion for remand, the Court again ordered Ladd and Price to obtain new counsel or give notice of pro se representation within 30 days. *See* Doc. 17. In a status report filed on January 10, 2014, Freddie Mac and Colonial indicated they could not reach Ladd or Price to confer on any litigation issues and that their messages went unreturned. *See* Doc. 18. On January 13, the Court ordered Ladd and Price to notify the Court within 15 days whether they intended to pursue the case. *See* Doc. 19. On January 28, the Court received a letter from Ladd and Price indicating they were still trying to secure legal counsel and needed more time. *See* Doc. 26. The Court granted them additional time, ordering them to retain new counsel or to respond to Freddie Mac's and Colonial's pending Motions for Summary Judgment by February 17, 2014.

As of the date of this order, Ladd and Price have taken no action on any of the Court's orders or responded to the pending motions.

## II. Analysis

### a. Summary Judgment Standard

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of informing the district court of the basis for its belief that there is an absence of a genuine issue for trial and of identifying those portions of the record that demonstrate such absence. *See Celotex*, 477 U.S. at 323. However, all evidence and reasonable inferences to be drawn there from must be viewed in the light most favorable to the party opposing the motion. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Once the moving party has made an initial showing, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. Fed. R. Civ. P. 56(e); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The party defending against the motion for summary judgment cannot defeat the motion, unless he provides specific facts demonstrating a genuine issue of material fact, such that a reasonable jury might return a verdict in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Mere assertions of a factual dispute unsupported by probative evidence will not prevent summary judgment. *See id.* at 249-50. In other words, conclusory statements, speculation, and unsubstantiated assertions will not suffice to defeat a motion for summary judgment. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc); *see also Abbott v. Equity Grp., Inc.*, 2 F.3d 613, 619 (5th Cir. 1993) ("[U]nsubstantiated assertions are not competent summary judgment evidence." (citing *Celotex*,

477 U.S. at 324)). Further, a court has no duty to search the record for evidence of genuine issues. Fed. R. Civ. P. 56(c)(1) & (3); s*ee Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). It is the role of the fact finder, however, to weigh conflicting evidence and make credibility determinations. *Liberty Lobby*, 477 U.S. at 255.

"[A] movant may obtain summary judgment if he can prove there is no evidence to support one or more essential elements of the non-moving party's claim." *Walker v. Geithner*, 400 F. App'x 914, 916 (5th Cir. 2010) (per curium) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25 (1986)). "But the movant must discharge the burden the Rules place upon him: It is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove his case." *Celotex,* 477 U.S. at 328 (White, J., concurring); *see also St. Paul Mercury Ins. Co. v. Williamson,* 224 F.3d 425, 440 (5th Cir. 2005) (recognizing that when a defending party moves for summary judgment, it may not rely on a conclusory statement that the other party has no evidence). "It is not sufficient to merely list the elements of the claim and state that there is no evidence to support the elements." *Seastrunk v. Darwell Integrated Tech.,* No. 3:05–CV–0531, 2008 WL 190316, at *2–3 (N.D. Tex. Jan.22, 2008) (Stickney, J.). The moving party must cite to the record to demonstrate a lack of evidence that supports the nonmovant's claims. *Id.*

### b. Summary Judgment Evidence

Freddie Mac and Colonial submitted competent, uncontroverted summary judgment evidence to establish their side of the case. The evidence is as follows.

On July 9, 2003, Ladd and Price executed an Adjustable Rate Note ("Note") for $319,000 to Colonial. Doc. 22 at 11. At the same time, they executed a Deed of Trust securing the Note and granting a lien on 105 Candlelite Trail, Heath, Texas, 75032 ("Property") to Colonial. Doc.

22 at 21-39. In September 2004, Colonial assigned the Note to Freddie Mac; Colonial then became the mortgage servicer and held the Deed of Trust as Freddie Mac's agent. Doc. 22 at 7.

The Loan Agreement—the Note and the Deed of Trust collectively—contained terms common to any Loan Agreement. Ladd and Price were required to make periodic payments on the principal and interest of the Note until fully paid off. Doc. 25 at 11. In the event of default, the lender would notify Ladd and Price that they were in default and that failure to pay the delinquent amount would allow the lender to "require [Ladd and Price] to pay immediately the full amount of Principal which has not been paid and all the interest that [they] owe on that amount." Doc. 25 at 13. If the accelerated amount remains unpaid, either the holder of the Note or the Mortgage Servicer could foreclose on the property. Doc. 25 at 28-31.

In August 2009, Ladd and Price failed to make their periodic payment. Doc. 25 at 66. After more than a year and a half of missed payments, Colonial sent Ladd and Price a notice that they were in default. Doc. 25 at 45-49. Ladd and Price have never paid the amount past due or the principal. Doc. 25 at 7.

Nothing in the summary judgment evidence indicates that Colonial or Freddie Mac misrepresented the terms of the loan, deceived Ladd and Price about the loan modification process, or mishandled any accounts. To the contrary, all of the evidence provides strong evidence that Colonial and Freddie Mac abided by the terms of the Loan Documents.

On three separate occasions, Ladd or Price have filed for bankruptcy, instituting an automatic stay that prevented Colonial and Freddie Mac from foreclosing on the home. *See In re Ladd*, No. 09-34295-sgj13 (N.D. Tex. Bankr. July 7, 2009); *In re Ladd*, 10-36366-hdh7 (N.D. Tex. Bankr. Sep. 7, 2010); *In re Price*, No. 12-35766-sgj13 (N.D. Tex. Bankr. Sep. 3, 2012). The resolution of each case has been followed by the commencement of another one. The

resolution of the most recent bankruptcy case—which ended with the automatic stay being lifted with regards to the Property—was followed by a state court lawsuit seeking an injunction against foreclosure. Upon the suit's filing, the state court granted Ladd and Price a temporary restraining order, preventing Colonial or Freddie Mac from foreclosing yet again. Doc. 1-1 at 21-22. Freddie Mac then removed the case from state court to this Court. Doc. 1-1 at 1.

While this suit was pending, Colonial sent notice to Ladd and Price notifying them that the balance of their debt was being accelerated. Doc. 25 at 54-58. Ladd and Price have continued to ignore what is going on around them by refusing to pay the balance or to contest Colonial and Freddie Mac's authority to foreclose on them.

### c. Legal Analysis

Between their two motions, Colonial and Freddie Mac have requested summary judgment on all claims outstanding in the case.

#### i. Freddie Mac's Request For Order Of Foreclosure

Freddie Mac moves for summary judgment on its request for an order of foreclosure. The uncontroverted evidence makes it clear that Freddie Mac is entitled to foreclose the lien. Ladd and Price defaulted on the Note, failed to cure the default after receiving notice that they were in default, and left the accelerated balance unpaid. *See* Doc. 26 at 60-70 (documenting history of payments and charges assessed for failure to pay); Doc. 25 at 6-8 (affidavit detailing Ladd and Price's failure to pay). Under the terms of the Loan Agreement, foreclosure is an appropriate avenue. *See* Doc. 25 at 13 (defining terms of default and some consequences in the Note); Doc. 25 at 17 (Note Amendment regarding acceleration of unpaid balance in event of default); Doc. 25 at 26-27 (Deed of Trust terms outlining foreclosure rights on the property).

Consequently, the Court grants Freddie Mac summary judgment on its request for an order permitting it to foreclose on the property.

### ii. Ladd And Price's Breach Of Contract Claim

Colonial moves for summary judgment on Ladd and Price's breach of contract claim. The original allegations were that Colonial breached the contract by creating an escrow deficiency account for insurance on the property even though Ladd and Price maintained insurance privately. *See* Doc. 1-1 at 12. Colonial argues that there is no evidence that it deviated from the terms of the Loan Agreements, submitting documentation of Ladd and Price's account that shows the escrow charges were for unpaid homeowners insurance. Doc. 25 at 60-70. Since the Contract permits Colonial to escrow money for unpaid insurance, this would not be a breach. See Doc. 25 at 24-25. Ladd and Price left have not controverted this initial showing that Colonial complied with the terms of the loan agreement. Consequently, the Court grants Colonial summary judgment must on Ladd and Price's breach of contract claim.

### iii. Tort Claims

Colonial moves for summary judgment on Ladd and Price's two tort claims, fraud and negligent misrepresentation. It argues that both claims are barred by the economic loss doctrine.

The economic loss doctrine limits a plaintiff's ability to seek contract damages under tort theories of liability. Though a "contractual relationship may create duties under both contract and tort law," contract law is the exclusive source of law to recover "when the injury is only the economic loss to the subject of a contract itself." *Cent. Sav. & Loan Ass'n v. Stemmons Nw. Bank, N.A.*, 848 S.W.2d 232, 238 (Tex. Ct. App. 1992), *no writ*. Ladd and Price make clear in their original petition that they are seeking "damages resulting from the fraudulent conduct of Defendant towards the servicing of their loan, handling of their payments, and the attempted

foreclosure of Plaintiffs' property." All of those subjects—service of the loan, handling payments, and foreclosure—are all subject to the Loan Agreement's terms; that is to say, they are the damages that are directly covered by the subject of the contract itself. The economic loss doctrine bars Ladd and Price from recovering their claimed damages in tort. The Court grants Colonial summary judgment on both of Ladd and Price's tort claims.

### iv. Breach Of Fiduciary Duty

Colonial moves for summary judgment on Ladd and Price's claim for breach of a fiduciary duty. It correctly points out that "Texas law does not recognize a fiduciary relationship between a borrower and a lender." *Bittiner v. Wells Fargo Bank NA*, 744 F. Supp. 2d 619, 626 (S.D. Tex. 2010). That is so even when the mortgagor oversees "an escrow account for the mortgagee's use to meet tax and insurance obligations on the property." *Wesson v. Jefferson Sav. & Loan Ass'n*, 641 S.W.2d 903, 905 n.2 (Tex. 1982). Consequently, Ladd and Price's claim for breach of a fiduciary duty fails. The Court grants Colonial summary judgment on Ladd and Price's claim for breach of a fiduciary duty.

### v. Violation Of Texas Finance Code

Colonial moves for summary judgment on Ladd and Price's claim that Colonial violated provisions of the Texas Finance Code. The specific provision that Ladd and Price allege Colonial violated is Tex. Fin. Code § 392.303(a)(2) which prohibits debt collectors from "collecting or attempting to collect interest or a charge, fee or expense incidental to the obligation unless [it] is expressly authorized by the agreement creating the obligation." Colonial argues that Ladd and Price "make only a conclusory assertion" about violation of the code and "have no evidence to support their allegation that [Colonial]" violated the code. Moreover, Colonial has submitted evidence of the Loan Agreement that shows it was permitted to collect

additional money under certain conditions, including if Ladd and Price failed to insure the home or failed to make payments. *See* Doc. 25 at 24-26 (describing Colonial's rights to escrow funds and put them into an account). This evidence tends to negate the claim that Colonial improperly collected interest and is left un-rebutted by Ladd and Price. Without any evidence to rebut Colonial's evidence that tends to negate an element, Ladd and Price may not proceed to trial. The Court grants Colonial summary judgment on Ladd and Price's claim for violation of the Texas Finance Code.

### vi. Miscellaneous Issues

Colonial also seeks summary judgment on Ladd and Price's request for declaratory relief, request for an accounting, and injunctive relief.

Ladd and Price's request for declaratory judgment is inappropriate. The Declaratory Judgment Act confers on federal courts discretion to decide whether to declare the rights of litigants. *See Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir.1989) ("[I]t is a matter for the district court's sound discretion whether to decide a declaratory judgment action."). Federal courts may declare rights, but it does not require them to do so. *See Public Affairs Associates, Inc. v. Rickover*, 369 U.S. 111, 112 (1962) (per curiam) ("[The] Act was an authorization, not a command."). This request for declaratory relief is duplicative of the breach of contract claim, which was the appropriate avenue for Ladd and Price to pursue their rights. Where declaratory relief is duplicative of a legal claim, a court can dismiss the declaratory relief claim from the suit as a matter of law. *See Landscape Design and Construction, Inc. v. Transport Leasing/Contract, Inc.*, No. CIV.A. 3:00–CV–0906–D, 2002 WL 257573, at *10 (N.D.Tex. Feb.19, 2002) (dismissing declaratory judgment action that sought resolution of claims that were already basis of lawsuit). The Court chooses to do so.

The request for an accounting is also inappropriate in this case. "To be entitled to an accounting, a plaintiff usually must have a contractual or fiduciary relationship with the party from which the plaintiff seeks the accounting. An equitable accounting is proper when the facts and accounts presented are so complex adequate relief may not be obtained at law." *T.F.W. Mgmt., Inc. v. Westwood Shores Prop. Owners Ass'n*, 79 S.W.3d 712, 717 (Tex. App. 2002) (citations omitted). Generally accounting is a remedy and not a cause of action. *Shields v. Ameriquest Mortg. Co.*, 2007 WL 3317533, at *2 (Tex. Ct. App. 2007), no pet. Because no cause of action shows the need for an accounting—or even survives summary judgment—the Court grants Colonial summary judgment on Ladd and Price's request for an accounting.

Similarly, Ladd and Price's claim for injunctive relief fails. "An injunction is an equitable remedy, not a cause of action." *Bittingham v. Ayala*, 995 S.W.2d 199, 201 (Tex. Ct. App. 1999), *pet. denied*. Since none of Ladd and Price's causes of action survived summary judgment, they cannot receive an injunction. The Court grants Colonial summary judgment on Ladd and Price's request for an injunction.

### III. Conclusion

The Court GRANTS Freddie Mac's Motion for Summary Judgment, Doc. 20, and GRANTS Colonial's Motion for Summary on each of Ladd and Price's claims, Doc. 23.

**IT IS SO ORDERED.**

Signed this 10th day of April, 2014.

*[Signature]*
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE